# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE GILBREATH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-14-265-JHP-SPS |

## REPORT AND RECOMMENDATION

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks attorney's fees in the amount of $8,140.20, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [Docket No. 20]. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the undersigned Magistrate Judge recommends pursuant to 28 U.S.C. § 636(b)(1)(C) that the Plaintiff be awarded a reduced amount of attorney's fees under the EAJA as the prevailing party herein.

On appeal, the Plaintiff argued that the ALJ's decision lacked substantial evidence because he improperly minimized her severe mental impairments of PTSD and major depressive disorder, and further failed to identify jobs that accommodated her need to avoid exposure to irritants related to her COPD. The Commissioner's response to the

present motion for fees under the EAJA asserts that her position in defending this appeal was substantially justified because the Plaintiff did not "significantly develop" the argument that the ALJ failed to account for her severe mental impairments in formulating her RFC, and did not mention GAF scores in her Opening or Reply brief. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The undersigned Magistrate Judge disagrees with the Commissioner's position as to the fee award. Here, based on the Plaintiff's argument that the ALJ failed to account for her severe mental impairments, the Court found that the ALJ failed to include any limitations related to her severe mental impairments, and ignored probative evidence related to the ability to get along with other and the severity of her mental impairments. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Hackett v. Barnhart*, 475 F.3d 1166, 1170 (10th Cir. 2007) (""[O]nce and EAJA application is filed, the government is on notice, based on the plain language of the statute, that it must justify both its position in any underlying administrative proceedings and its position in any subsequent district court litigation."); *Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of

this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). Although the Commissioner has challenged the adequacy of the Plaintiff's briefing in this case, *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review."), the undersigned Magistrate Judge notes that it was at least adequate to provide a substantive basis for reversal. Inasmuch as it was the ALJ's obligation to provide a reasonable basis at the administrative level, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so. *See Hackett*, 475 F.3d at 1174 ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

The Commissioner also correctly notes that the Plaintiff did not raise the argument related to the Plaintiff's GAF scores, which this Court used as an additional basis for reversal. The Commissioner therefore argues that the Plaintiff is not entitled to fees because the Plaintiff did not raise this additional error regarding the claimant's severe

mental impairments. Although that is perhaps an appropriate finding where that had been the sole reason for reversal, here the primary impetus for reversal *was* an argument raising by the Plaintiff. What matters here is that the Plaintiff was successful in obtaining a reversal of the Commissioner's denial of benefits on the basis of one of the propositions advanced. *See Marquez*, 2014 WL 2050754, at *2 ("Under the EAJA, 'fees generally should be awarded where the [Commissioner's] underlying action was unreasonable even if the [Commissioner] advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002). The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Nevertheless, it is still up to the Court to make a determination as to the reasonableness of the total fee request, specifically as to "whether the hours spent representing the Plaintiff were 'reasonably expended.'" *Truelove v. Colvin*, 2014 WL 36750, at *2 (D. Colo. Jan. 6, 2014), *citing Blum v. Stevenson*, 465 U.S. 886, 901 (1984) *and Hensley*, 461 U.S. at 437. *See also Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998) ("[A] district court may well decide to go below the amount of a fee request put in controversy by the parties—in this sense, the court's discretion is not absolutely constrained by the amount of a fee request put in controversy by the parties.").

Plaintiff's counsel has submitted billing records indicating that he has expended 43 hours on the Plaintiff's appeal before this Court.[1] Having reviewed the billing record, the undersigned Magistrate Judge takes particular note of the following billing records: (i) 6.95 hours to receive and review the Appeals Council and review the file for federal court, (ii) 4.80 hours to receive and review Answer and Administrative Transcript, and (iii) 3.85 hours to receive and review the undersigned Magistrate Judge's Report and Recommendation. Additionally, the undersigned Magistrate Judge notes that the Administrative Record in this case was not larger than an average record. In light of the entire billing record and the Administrative Record, the undersigned Magistrate Judge finds that a reduction is in order.

In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time. *See, e. g.*, *Nave v. Barnhart*, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) ("[T]he typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty[;]" collecting cases). Additionally, the undersigned Magistrate Judge finds nothing in this case to differentiate it from the usual work required in the average case. The Plaintiff raised two common errors on appeal: (i) failure to account for her mental impairments at step four, and (ii) failure to identify jobs that would allow her to avoid exposure to irritants. After a review

---

[1] The hourly rates sought by the Plaintiff are in line with those prescribed by the Commissioner, *i. e.*, $190/hour in 2014, and $188/hour in 2015, and there is no contention by the Commissioner that they are unreasonable in this case. *See* Docket No. 21, Ex. 1; *Hospice Center of Southeastern Oklahoma, Inc. v. Sebelius*, 2013 WL 2007315, at *1 n.1 (E.D. Okla. May 13, 2013) ("The court takes judicial notice that the office of General Counsel, Region VI of the Social Security Administration has provided hourly rates consistent with the yearly average CPI-U.").

of the arguments by the parties, as well as a review of the hours expended in light of the subject matter and difficulty of the Plaintiff's case, the Court therefore finds that 30 hours is a reasonable award for the work performed in this case, and that it shall be compensated at the hourly rate of $190, which is the 2014 hourly rate and the year counsel performed the bulk of the work in this case (billing 28.10 hours in 2014, out of the total 43.0 hours reported). *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) ("There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour."). This results in a fee award of $5,700.00.

Accordingly, the undersigned Magistrate Judge hereby PROPOSES the findings set forth above and RECOMMENDS that Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [Docket No. 20] be GRANTED, and that the Court award attorney's fees in the amount of $5,700.00 as the prevailing party herein. The undersigned Magistrate Judge notes that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986). Any objection to this Report and Recommendation must be filed within fourteen days. *See* Federal R. Civ. P. 72(b)(2).

**IT IS SO ORDERED** this 1st day of June, 2016.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma